IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  19-190 |
| | ) | |
| DUANE EUGENE CASH | ) | |

**Memorandum Opinion and Order on Motion to Extend Time For Filing 2255 Motion**

Presently before the Court is Duane Eugene Cash's Motion Pursuant to Federal Rules of Civil Procedure 6(b) extending Expiration Date for 28 USC § 2255, Motion for Good Reason. ECF No. 1344. Mr. Cash seeks an extension of three weeks within which to file a 2255 Motion. For the following reasons the Motion will be denied.

1. **Applicable Law**

A "district court has subject matter jurisdiction to rule on a § 2255 motion for an extension of time before the substantive motion for relief is actually filed." *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). The Third Circuit instructs that district courts "should grant a motion for an extension of time to file a § 2255 motion sparingly, and should do so only when the 'principles of equity would make the rigid application of a limitation period unfair.'" *Id.* (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir.2011). Further, the "Supreme Court has instructed that equity permits extending the statutory time limit when a defendant shows that (1) 'he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Thomas*, 713 F.3d at 174 (quoting *Holland v. Florida*, 560 U.S. 631, (2010)). "Mere excusable neglect is insufficient." *Thomas*, 713 F.3d 174.

**2.  The Extension Request is Filed Seven Months after the Apparent 2255 Deadline**

Mr. Cash asserts that the deadline for filing a 2255 Motion is August 2, 2025. ECF No. 1344, at 1. The Court's calculations indicate that the actual deadline for Mr. Cash to file a 2255 Motion was January 4, 2025. Section 2255(f)(1) of Title 28 of the United States Code provides that the "1-year period of limitation" that applies to a section 2255 Motion, "shall run from  . . . - (1) the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Mr. Cash's Amended Judgment of Sentence was issued on September 13, 2022. ECF No. 1061. Mr. Cash appealed his conviction that same day, September 13, 2022. ECF No. 1063. On October 6, 2023, the Circuit Court issued a Judgment affirming the judgment of the district court. ECF No. 1221. Mr. Cash did not file a petition for rehearing with the Circuit within the required 14 days and he did not take any other procedural action. *See* Fed. Rule. App. Proc 40(a). Therefore, on October 30, 2023, the Circuit Court issued a certified copy of the judgment, also known as a mandate. ECF No. 1258-2; Fed. Rule App. Proc. 41.

Once a party's appeal is complete in the Circuit Court, the party still has the right to file a petition for certiorari with the United States Supreme Court, "90 days after entry of the judgment." Sup. Court Rule 13.1. Thus, "[f]or the purpose of starting the clock on § 2255's one-year limitation period, . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). The Supreme Court requires that the 90-day time period to file a petition for certiorari "runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . ." Sup. Court Rule 13.3. Therefore, in this case, the date of entry of the final judgment is October 6, 2023. The time for Mr. Cash to file a petition for certiorari with the United States Supreme Court expired on January 4, 2024, which is 90 days from October 6,

2023. Thus, the one-year statutory limitations period began on January 4, 2024. For any section 2255 Motion filed by Mr. Cash to be timely filed, it must have been filed on or before January 4, 2025. Based on the above calculations, Mr. Cash's Motion, seeking an extension of time to file his 2255 Motion, is filed approximately seven months after the deadline for filing a 2255 Motion. Accordingly, his Motion will be denied as untimely.

### 3. Equitable Considerations Weigh Against Granting an Extension

Consideration of the equitable principles identified by the Supreme Court do not weigh in favor of granting Mr. Cash an extension of time to file his 2255 Motion. The record indicates that he has been actively seeking his case files from prior counsel since March 7, 2025. That date, however, is two months past the deadline for filing a substantive 2255 Motion, and therefore the record does not support that Mr. Cash has been diligently pursuing his rights. *See* Motion to Compel, ECF No. 1307.

Mr. Cash has also not shown that there is an extraordinary circumstance standing in his way that prevented timely filing. Mr. Cash appears to be asserting, as an extraordinary circumstance, that documents are missing from the case file provided to him by his first attorney, Bruce Carsia. This Court requested that all three prior counsel provide Mr. Cash with his case files. As stated in a previous Order, Mr. Carsia provided the case files he originally possessed to his successor trial counsel, Brian Aston. Order, ECF No. 1343. Mr. Carsia then sent any remaining case materials he possessed to this court, which were then forwarded to Mr. Cash.[1] Order, ECF No. 1343. Reviewing the sequence of events regarding each prior counsel's actions in providing Mr. Cash with his case files, this Court has informed Mr. Cash that "the documents Mr. Cash is looking for are either in the

---

[1] It should be noted the relatively minimal files received from Mr. Carsia by this Court were immediately forwarded to Mr. Cash without review by this Court.

materials already provided to him, or they are not in the possession of any prior counsel, or they do not exist." Order, ECF No. 1343, at 1-2.

      In both Mr. Cash's Motion to Compel and his present Motion seeking an extension of time, he identifies the alleged missing documents as materials related to one of his prior state cases, No. CP-02-CR-0015444-2018. He claims such materials are pertinent to the filing of his 2255 Motion. However, Mr. Cash has not demonstrated, as he must, that, because he was missing certain materials, such circumstances are extraordinary because, without the materials, he was prevented from timely filing his Motion. *Thomas*, 713 F.3d at 174. In particular, he has not explained the necessity of the materials to the filing of his 2255 Motion. *Jones v. United States*, No. CV 14-4655 (RBK), 2017 WL 4235736, at *5 (D.N.J. Sept. 25, 2017) (petitioner failed "to explain the necessity of his materials to his filing a § 2255 motion (or at a minimum, why he needed those materials to seek an extension of time to file a § 2255)). Mr. Cash, at any time before the deadline, could have filed a 2255 Motion presenting his arguments as completely as he could as of that time, and then request discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings. Mr. Cash has not shown that "principles of equity would make the rigid application of a limit period unfair." *Thomas*, 713 F.3d 174. Accordingly, equitable considerations do not weigh in favor of granting an extension of time to file a 2255 Motion, and therefore the Motion will be denied.

      AND NOW, this 19th day of August 2025, it is hereby ORDERED that Duane Eugene Cash's Motion Pursuant to Federal Rules of Civil Procedure 6(b) extending Expiration Date for 28 USC § 2255, Motion for Good Reason, ECF No. 1344, is DENIED.

                              *s/Marilyn J. Horan*
                              United States District Judge

Duane Eugene Cash, Jr., pro se
Register No. 39575-068
FCI FORT DIX
Federal Correctional Institution
P.O. BOX 2000
FORT DIX, NJ 08640